FILED 03 MAY '11 11:28 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DAVID M. BUCKLAND,

               Plaintiff,          Civ. No. 11-3053-CL

                                    **TEMPORARY RESTRAINING ORDER**

    v.

MERS MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC
AS NOMINEE FOR AMERICAN
MORTGAGE NETWORK, DBA
AMERICAN MORTGAGE NETWORK
OF OREGON,

               Defendant.

_____

**BROWN, J.**

    *Pro se* plaintiff David M. Buckland seeks a temporary restraining order enjoining the foreclosure sale of his home. Plaintiff alleges the sale is scheduled for May 6, 2011 and defendant has not complied with the legal requirements for a

1  - ORDER

valid foreclosure. In the temporary absence of the Honorable Owen
M. Panner, the Article III judge to whom this motion is assigned,
the undersigned has considered plaintiff's motion due to the
exigency of the circumstances.

### STANDARDS

A party seeking a preliminary injunction "must establish
that he is likely to succeed on the merits, that he is likely to
suffer irreparable harm in the absence of preliminary relief,
that the balance of equities tips in his favor, and that an
injunction is in the public interest." <u>Winter v. Natural
Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).[1]
"The elements of [this] test are balanced, so that a stronger
showing of one element may offset a weaker showing of another.
For example, a stronger showing of irreparable harm to plaintiff
might offset a lesser showing of likelihood of success on the
merits." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d
1127, 1131 (9th Cir. 2011)(citing <u>Winter</u>, 129 S. Ct. at 392).
Accordingly, the Ninth Circuit has held "'serious questions going
to the merits' and a balance of hardships that tips sharply
towards the plaintiff can support issuance of a preliminary
injunction, so long as the plaintiff also shows that there is a

_____

[1]The standards for issuing a temporary restraining order are
similar to those required for a preliminary injunction. <u>Lockheed
Missile & Space Co., Inc. v. Hughes Aircraft Co.</u>, 887 F.Supp.
1320, 1323 (N.D. Ca. 1995).

2 - ORDER

likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135. The court's decision on a motion for a preliminary injunction is not a ruling on the merits. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

### DISCUSSION

**I.    Merits**

ORS 86.753(1) allows foreclosure by advertisement and sale when "the trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the [land records]." Plaintiff alleges the holder of the beneficial interest in his loan never recorded that interest in the land records. (Mem. in Supp., 1.) As noted above, plaintiff alleges the sale is scheduled for May 6, 2011.

Accepting as true plaintiff's allegations of an unrecorded assignment of the beneficial interest in the trust deed, plaintiff has demonstrated a significant issue as to whether the foreclosure at issue violates the Oregon Trust Deed Act. See Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105, at *3 (D. Or. Oct. 20, 2010); see also In re McCoy, 2011 WL 477820, at *3-4 (Bankr. D. Or. Feb. 7, 2011). Considering that absent a restraining order, plaintiff risks the potential for the unlawful loss of his home, plaintiff has demonstrated a significant likelihood of irreparable harm. Considering the

3 - ORDER

potential for imminent harm and noting the serious questions
raised combined with the balance of hardships tilting sharply
towards the plaintiff, I conclude plaintiff is entitled to a
temporary restraining order.

**II.   Notice Under Federal Rule of Civil Procedure 65**

Federal Rule of Civil Procedure provides in pertinent part:

> (1) Issuing Without Notice. The court may issue a
> temporary restraining order without written or oral
> notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a
> > verified complaint clearly shows that
> > immediate and irreparable injury, los, or
> > damage will result to the movant before the
> > adverse party can be heard in opposition; and
>
> > (B) the movant's attorney certifies in
> > writing any efforts made to give notice and
> > the reasons why it should not be required.

Plaintiff, proceeding *pro se*, filed certificates of service.
In those certificates, plaintiff states he served the complaint
and motion for a temporary restraining order on "all parties by
First Class Mail." (Compl., 6; Mot. for Temp. Inj., 2.) On this
record, the court issues the order temporarily restraining
defendant from proceeding with the proposed foreclosure sale of
plaintiff's property without notice because there is insufficient
time before the scheduled foreclosure sale to compel defendants
to appear and to respond to the motion. The court concludes the
risk of irreparable harm to plaintiff is significant when weighed
against the temporary delay authorized by this order.

4 - ORDER

## III. Security

Pursuant to Rule 65(c), the court requires plaintiff to post a $500 bond or to pay $500 into the registry of the court for purposes of security by **1:00 p.m., May 5, 2011**, as a reasonable security for any costs or damages sustained by any party found to have been wrongfully restrained. Due to time constraints, and assuming that plaintiff will not receive notice of this order prior to the deadline to post security, the clerk is authorized to telephone plaintiff with notice of this order. Per standard court practice with parties proceeding *pro se*, the clerk will also mail plaintiff a copy of this order.

### CONCLUSION

Because of the alleged imminent foreclosure sale, I grant plaintiff's request for a temporary restraining order (#2). Defendant, and its officers, agents, etc . . ., and other persons in active concert or participation with defendant, who receive actual notice of this order, are restrained from carrying out a foreclosure sale of plaintiffs' property located at: 221 Trevor Way, Grants Pass, Oregon, 97526 from this day until Tuesday, May 17, 2011, at 11:00 a.m. At 10:00 a.m. on Tuesday, May 17, in Medford, Oregon, Judge Panner will preside over a show-cause hearing to determine whether to issue a preliminary injunction.

////

////

5  - ORDER

The court **DIRECTS** plaintiff to post a $500 bond or to pay $500 into the registry of the court for purposes of security by **1:00 p.m., May 5, 2011.**

IT IS SO ORDERED.

DATED this _3rd_ day of May, 2011.

This order is issued on May 3, 2011, at _11:25_ a.m., and expires on May 17, 2011, at 11:00 a.m., unless extended by order of the court.

ANNA J. BROWN
U.S. DISTRICT JUDGE
(in the absence of Hon. Owen M. Panner)

6  - ORDER