IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DAVID M. BUCKLAND,**                                    Civil No. 11-3053-CL

        Plaintiff,                            **REPORT AND RECOMMENDATION**

    v.

**MERS MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS  INC as
Nominee for AMERICAN MORTGAGE
NETWORK dba AMERICAN
MORTGAGE NETWORK OF OREGON,**

        Defendant.


CLARKE, Magistrate Judge:

        Plaintiff David M. Buckland, who is proceeding pro se, has filed a "Complaint for

Mon[e]tary Damages and Stop Foreclosure."  This court appears to have jurisdiction

pursuant to 28 U.S.C. § 1332.  At the commencement of this case, the court denied

plaintiff's motion for preliminary injunction, finding plaintiff had not demonstrated

serious questions going to the merits (#16).  Defendant has filed a motion to dismiss

(#19) pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiff


Report and Recommendation - Page 1

fails to state a claim upon which relief can be granted.  The time for a response has passed and plaintiff has not filed any response to defendant's motion.[1]  For the reasons explained, defendant's motion to dismiss  should be granted.

### LEGAL STANDARDS

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party.  N. Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 2095 (2010).  The court may also consider any document whose

---

[1]  The certificates of service attached to defendant's motion show plaintiff was served at his address of record.

Report and Recommendation - Page 2

authenticity is not questioned which are attached to or incorporated by reference into the complaint. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  Any allegations in the complaint which contradict these documents need not be accepted as true by the court. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Neither Iqbal nor Twombly altered the court's treatment of pro se pleadings. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and  complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## DISCUSSION

Defendant moves to dismiss on several grounds.  The court will first address defendant's contention that plaintiff's claims are barred by the doctrine of res judicata.

The doctrine of res judicata, or claim preclusion, generally prohibits a party from relitigating the same claims that were raised or could have been raised in the prior action. W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1193 (9th Cir. 1997).  When the prior action is a state court judgment, the federal courts must apply the preclusion law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ.,

Report and Recommendation - Page 3

465 U.S. 75, 81 (1984); <u>Valley Wood Preserving, Inc. v. Paul</u>, 785 F.2d 751, 753 (9th

Cir. 1986).  In Oregon, it is established that,

> "a plaintiff who has prosecuted one action against a defendant through to a
> final judgment binding on the parties is barred on *res judicata* grounds
> from prosecuting another action against the same defendant where the
> claim in the second action is one which is based on the same factual
> transaction that was at issue in the first, seeks a remedy additional or
> alternative to the one sought earlier, and is of such a nature as could have
> been joined in the first action."

<u>Bloomfield v. Weakland</u>, 339 Or. 504, 510-11 (2005) (en banc) (quoting <u>Rennie v.</u>

<u>Freeway Transp.</u>, 294 Or. 319, 323 (1982)); <u>Drews v. EBI Cos.</u>, 310 Or. 134, 140-41

(1990).  The <u>Bloomfield</u> court stated that, "The [claim preclusion] rule forecloses a party

that has litigated a claim against another from further litigation on that same claim on any

ground or theory of relief that the party could have litigated in the first instance." 339

Or. at 511 (citing <u>Dean v. Exotic Veneers, Inc.</u>, 271 Or. 188, 194 (1975)).  Oregon has

adopted the transactional approach of the Restatement (Second) of Judgments, which

requires that all claims arising out of a particular set of factual circumstances be brought

in a single action.  <u>Drews</u>, 310 Or. at 141-43 (and cases cited).  A claim or cause of action

is an aggregate of operative facts which give rise to a right or rights which can be

enforced in a single judicial proceeding.  <u>Dean</u>, 271 Or. at 192-94; <u>Troutman v.</u>

<u>Erlandson</u>, 287 Or. 187, 201-07 (1979).  "To prevent splitting of the dispute or

controversy, courts employ a broad definition of what could have been litigated.  Claim

preclusion conclusiveness between the parties applies 'with respect to all or any part of

the transaction, or series of connected transactions,' out of which the action or proceeding

Report and Recommendation - Page 4

arose." Drews, 310 Or. at 141 (quoting Restatement (Second) of Judgments § 24(1)

(1982); citing Rennie v. Freeway Transp., 294 Or. 319, 324 (1982)).

A limitation on application of preclusion is that the litigant must have had a "full

and fair opportunity" to litigate the issue in the earlier case.  Kremer v. Chem. Constr.

Corp., 456 U.S. 461, 480-81 & n.22 (1982).


Of record are documents filed by plaintiff in a state court proceeding in Josephine

County.[2]  (#12 Uhl Decl. in Opp'n to Mot. for Temp. Inj. ("Uhl Decl.") & Exs.)  In late

2010, plaintiff filed a complaint in Josephine County entitled "Complaint Civil Action

Petition for Declaratory Judgment for Verification of Debt" against defendant Aurora

Loan Services.  In that complaint, plaintiff alleged that defendant Aurora Loan Services is

a bank and that he signed a promissory note and deed of trust with defendant in exchange

for a loan secured by real estate owned by plaintiff as collateral.  Plaintiff sought to verify

whether defendant Aurora Loan Services had a valid claim, standing to foreclose, and the

lawful right to collect money on the loan.  In a claim entitled, "The Defendant have no

Lawful Authority to foreclose," plaintiff included allegations only against Mortgage

Electronic Registration Systems or MERS.  He alleged that MERS electronically tracks

---

[2] The court takes judicial notice of the state court records, which are matters of public record. Fed. R. Evid. 201(b)(c); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Plaintiff had an opportunity to be heard about these documents at the hearing on plaintiff's motion for preliminary injunction, and the documents are referenced in defendant's motion to dismiss as to which plaintiff has not filed any response.  See Fed. R. Evid. 201(e).  The court also notes that, when the deed of trust, appointment of successor trustee, and notice of default were offered by Aurora Loan Services in the state court proceedings, plaintiff did not dispute the documents.

Report and Recommendation - Page 5

transfer of title of assignments of the promissory note, and that several states have ruled that MERS is not a party of interest and does not have the authority to appoint the beneficiary to a deed of trust. (Uhl Decl. Ex. A.[3]) In a response to defendant's motion to dismiss, plaintiff argued that defendant had no right of claim or right to foreclose, and included two pages of argument concerning MERS and referencing ORS 86.735(1). (Uhl Decl. Ex. E.) The state court subsequently dismissed plaintiff's complaint and entered judgment with prejudice in March 2011 after plaintiff failed to file an amended complaint as ordered. (Uhl Decl. Ex. G.)

Plaintiff filed the complaint against MERS in this case in May 2011 alleging that MERS has no recorded beneficial interest in the loan, loan documents, or as a beneficial party. He further alleges that he signed loan documents with American Mortgage Network and, when he had a reduction in income, he notified Aurora Loan Services in an attempt to get a new loan or modification, which was rejected. He alleges that Aurora Loan Services hired Cal-Western Reconveyance Corporation who is attempting to foreclose on his property in violation of Oregon's statutory nonjudicial foreclosure law. Plaintiff alleges no party has shown a beneficial interest in the loan, trust deed, or note securing interest for the beneficiary and "no party, persons, or entity has any right to foreclose on my property." (Compl. at 4.)

It is clear that the same factual transaction is at issue in the present case as was at issue in the Josephine County case. Both actions arise out of the same non-judicial

---

[3] All references to exhibits attached to the Uhl Declaration are as they are entered in the electronic docket.

Report and Recommendation - Page 6

foreclosure proceeding associated with the loan on plaintiff's property, and plaintiff seeks remedies additional to those sought in the Josephine County litigation. (Uhl Decl. Exs. A, C & C Exs., E.)

Claim preclusion applies to a party to an earlier action and to a person who was not a party in the earlier action but who was in privity with the party to the earlier action. Bloomfield, 339 Or. at 511. "Privity" describes a relationship between the parties that is "close enough," that is, it would be realistic to say the new party was fully protected in the earlier action. Id. (and cases cited). Here, plaintiff named Aurora Loan Services as sole defendant in his state action and MERS as nominee for American Mortgage Network as sole defendant in the instant action, although he referenced each of the parties in the complaints filed in both actions and challenged the foreclosure of his property in both actions. As agents for the lender, the relationship between Aurora Loan Servicing and MERS is close enough such that it is fair to say the parties are in privity. See Caligiuri v. Columbia River Bank Morag. Co., 329 App'x 93, 94-95 (9th Cir. 2009).

Finally, there is a final judgment binding on the parties by virtue of the General Judgment of Dismissal entered in the Josephine County case in March 2011, dismissing plaintiff's complaint with prejudice, after plaintiff failed to replead as had been allowed by the court. (Uhl Decl. Ex. G.)

The Oregon Supreme Court has stated that, "The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources." Dean, 271 Or. at 192; Drews, 310 Or. at 140-41. Applying applicable law to the record, the Court concludes that plaintiff's claims brought

Report and Recommendation - Page 7

in this action, which arise out of the same factual transaction as was before the state court in the Josephine County litigation, could have been brought in the state court proceedings and, therefore, plaintiff's claims are barred by claim preclusion.

Because of the court's determination on the issue of res judicata, defendant's alternative arguments in support of dismissal of plaintiff's complaint will not be addressed.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss plaintiff's complaint (#19) be granted, this case be dismissed, and judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 3, 2012. If objections are filed, any response to the objections are due by January 20, 2012, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Report and Recommendation - Page 8

DATED this ⟨ 5⟩ day of December, 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 9